IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00131-F-1
No. 5:16-CV-00317-F

| | |
|---|---|
| GREGORY WAYNE McINTOSH,<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

This matter is before the court on Gregory Wayne McIntosh's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, McIntosh's Motion to Vacate is ALLOWED.

In McIntosh's Motion to Vacate, he argues that he is no longer an armed career criminal as a result of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-41] at 4. In particular, McIntosh contends that his North Carolina convictions for second degree kidnaping and indecent liberties with a minor are no longer valid predicate convictions for the Armed Career Criminal Act ("ACCA"). *Id.*

Citing *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011), the Government concedes that McIntosh's convictions for indecent liberties with a minor are not violent felonies for ACCA purposes. Resp. [DE-47] at 2. The Government concludes that McIntosh lacks the three predicate convictions necessary to be sentenced as an armed career criminal under 18 U.S.C. § 924(e). *Id.* As a result, the Government waives reliance on any procedural defenses and asks that this court vacate McIntosh's sentence and hold a resentencing hearing. *Id.*

In light of the foregoing, including the Government's concessions, McIntosh's Motion to Vacate [DE-41] is ALLOWED. McIntosh's November 14, 2008 Judgment [DE-19] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.

SO ORDERED.

This, the 20 day of July, 2016.

James C. Fox
JAMES C. FOX
Senior United States District Judge